UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDEN GAJO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHICAGO BRAND, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00380-EMC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>Docket No. 13 |

Plaintiff Alden Gajo, proceeding pro se, has filed suit against Defendants Chicago Brand, Eva Stone, and Holly Snyder (erroneously sued as "Holly Smith"), asserting claims for, *inter alia*, breach of contract and violation of various intellectual property rights (*e.g.*, copyright, trademark, and patent). Currently pending before the Court is Defendants' 12(b)(6) motion to dismiss. At a hearing held on June 1, 2017, the Court **GRANTED** the motion. This order memorializes the rulings made by the Court at that hearing and provides additional analysis, as necessary.

## I. DISCUSSION

A. False Advertising

Mr. Gajo has asserted a claim for dissemination of false advertising pursuant to 15 U.S.C. § 52. Section 52 is part of the Federal Trade Commission Act ("FTCA"). Courts have held that consumers and members of the public at large may not maintain a private action to enforce the FTCA. *See, e.g.*, *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (stating that "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by" 15 U.S.C. § 45(a)(1); "[t]he Act rests initial remedial power solely in the Federal Trade Commission"); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987 (D.C. Cir. 1973) ("hold[ing] that private actions to vindicate rights asserted under the Federal

Trade Commission Act may not be maintained"); *Kerr v. Am. Home Mortg. Serv'g, Inc.*, No. 10-cv-1612 BEN (AJB), 2010 U.S. Dist. LEXIS 100076, at *7 (S.D. Cal. Sep. 22, 2010) (stating that "[i]t is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it"). Accordingly, the Court dismisses the claim for false advertising, and with prejudice. Mr. Gajo shall not reassert this claim in any future pleading.

B. <u>Trafficking of Counterfeit Goods</u>

Mr. Gajo has also asserted a claim for trafficking of counterfeit goods. *See* 18 U.S.C. § 2320. As Defendants note, § 2320 is a criminal statute, and criminal statutes generally do not provide a private cause of action. *See Kraft v. Old Castle Precast, Inc.*, No. LA CV 15-00701-VBF1, 2015 U.S. Dist. LEXIS 103440, at *4 (C.D. Cal. Aug. 5, 2015). *See, e.g.*, *Cannon v. Univ. of Chicago*, 441 U.S. 677, 690 (1979) (noting that "[t]he language in these statutes – which expressly identifies the class Congress intended to benefit – contrasts sharply with statutory language customarily found in criminal statutes"); *Cent. Bank, N.A. v. First Interst. Bank, N.A.*, 511 U.S. 164, 190 (1994) (stating that "[w]e have been quite reluctant to infer a private right of action from a criminal prohibition alone"; adding that "we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) (noting that "[s]tatutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons'"). Moreover, in his opposition brief, Mr. Gajo essentially concedes that the cause of action should be dismissed. *See* Opp'n at 10 ("Plaintiff[] realizes that the Complaint of Trafficking of Counterfeit Goods is a more serious criminal offense beyond the jurisdiction of this civil Court[;] a separate Complaint to the Federal Trade Commission shall be filed for investigation and possible prosecution."). The Court therefore dismisses the claim for counterfeit trafficking, and with prejudice. Mr. Gajo shall not reassert the claim in any future pleading.

C. <u>Breach of Contract</u>

The main claim asserted by Mr. Gajo is that for breach of contract. Because Mr. Gajo's

2

1  complaint was somewhat confusing with respect to this cause of action, the Court asked Mr. Gajo,
2  at the hearing, to clarify the factual allegations supporting his breach-of-contract claim. In
3  response, Mr. Gajo articulated a breach-of-contract theory that was not pled (at least not clearly) in
4  the complaint. That is, Mr. Gajo asserted that Defendants breached the contract in two ways: (1)
5  because Defendants used K. Fung as the manufacturer for the Alden wrench (instead of finding a
6  new manufacturer)[1] and (2) because (regardless of the manufacturer) Defendants failed to pay
7  royalties on their sales of the Alden wrench.

Because this breach-of-contract theory was not pled in the original complaint, the Court shall, in the interest of efficiency, dismiss the breach-of-contract claim as currently pled and allow Mr. Gajo to amend the claim so as to make factual allegations consistent with the representations above. In so ruling, the Court does not opine as to whether any amended claim would be subject to, *e.g.*, a statute-of-limitations defense or would otherwise be viable.

D.  Copyright Infringement

Mr. Gajo has asserted various claims for infringement of intellectual property, including a claim for copyright infringement and a related claim for vicarious infringement. Defendants' motion to dismiss the copyright claims is granted because it is not clear what the copyrighted works are in the first instance and whether they have been registered. The complaint refers generally to photos of the wrench and product descriptions, but both references are vague. To the extent Mr. Gajo has tried to cure that deficiency by submitting a declaration, *see* Gajo Decl. ¶ 4 & Ex. D (providing a copy "of a violated creative work by [Mr. Gajo]" – "Sample 1 is the original packaging and instructions created by [Mr. Gajo] for A&S" and "Sample 2 is . . . a photograph taken by [Mr. Gajo]"), he cannot do so for purposes of a 12(b)(6) proceeding. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1065 (N.D. Cal. 2010) (stating that, "when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings"). Moreover, even if those specific works were named in an

---

[1] At the hearing, Mr. Gajo added that, if Defendants had used a manufacturer other than K. Fung, then Defendants would have had the authority to use the Alden wrench name in selling the product.

3

amended complaint, Mr. Gajo would still have to plead registration of the works. *See Epikhin v. Game Insight N. Am.*, 145 F. Supp. 3d 896, 902 (N.D. Cal. 2015) (noting that, under 17 U.S.C. § 411(a), "'no civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made'"; adding that, "[a]lthough the registration requirement is not jurisdictional, it is a 'precondition to suit'"). Mr. Gajo's suggestion that he is relieved from the registration requirement by virtue of the Berne Act lacks merit.

> In 1989, the United States agreed to the Berne Convention, an international copyright treaty that, among other things, prohibits signatories from imposing copyright formalities as a condition to the protection of works of nationals of other member countries. "To meet obligations necessary to adhere to the Convention, the United States eliminated many of the formalities for *foreign works*, including the registration requirement of § 411(a)."

*Crunchyroll, Inc. v. Admiral*, No. 11-cv-02334-JCS, 2014 U.S. Dist. LEXIS 47033, at *38 (N.D. Cal. Feb. 10, 2014) (emphasis added); *see also Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 619 n.12 (9th Cir. 2010) (stating that, "[a]s a result of the Berne Convention's mandate that foreign works not be subject to formalities, § 411's pre-suit registration requirement does not apply to non-U.S. works"). There is no indication in the complaint that Mr. Gajo has a copyright in a *foreign* work as opposed to a U.S. work.

Finally, it would appear that the royalty agreement may have encompassed an implied right to use certain materials, such as photographs of the Alden wrench, *cf.* note 1 (discussing the right to use the Alden wrench name). If so, the copyright claim may rise and fall with the breach of contract claim.

Accordingly, the Court dismisses the copyright infringement claims but shall give Mr. Gajo leave to amend if he can, in good faith, identity what the copyrighted works are and state that they are registered. If Mr. Gajo amends, he should also clarify whether Defendants were authorized by contract to use any copyrighted works in selling the Alden wrench if they had used a manufacturer other than K. Fung.

E. <u>Trademark Infringement</u>

Mr. Gajo's claim for trademark infringement and related claim for vicarious infringement are also dismissed with leave to amend. Based on the parties' papers, it appears that the only

4

trademark at issue is the word mark "Alden wrench." Defendants have offered judicially noticeable evidence that the Alden wrench word mark was cancelled back in July 2006, *see* Defs. RJN, Ex. B (PTO record), and, as alleged in the complaint, Defendants' wrongdoing did not take place until years after, *i.e.*, 2009 or later (the agreements between the Gajos and Chicago Brand were signed in November and December 2009). Because the alleged wrongdoing did not take place until after the trademark was already cancelled, Mr. Gajo has failed to plead viable trademark infringement claims. *See, e.g.*, *ZipSleeve, LLC v. W. Marine, Inc.*, No. 3:14-cv-01754-SI, 2015 U.S. Dist. LEXIS 65050, at *7 (D. Or. May 19, 2015) (recognizing that there was no binding authority but concluding that the "weight of authority . . . clearly indicates that Congress sought to protect only the interests of plaintiffs with *registered* trademarks under § 1114"; "[t]herefore, the owner of a mark that was valid when issued but which has since lapsed has no cause of action under § 1114 – not even for infringement that occurred during the lifetime of the mark").

The Court therefore dismisses the trademark infringement claims but shall give Mr. Gajo leave to amend if he can plead, in good faith, a different trademark that has allegedly been infringed. At the hearing, Mr. Gajo disavowed Defendants had any right to use the company name "A&D Industrial Tools and Instruments." As noted above, Plaintiff shall clarify the scope of any license to use any trademark as part of the contract.

F.  Patent Infringement

Mr. Gajo's final intellectual property claim is related to patent infringement. Although Mr. Gajo has technically invoked contributory patent infringement, the allegations in his complaint really seem to be directed at inducement of patent infringement instead. *See generally Emblaze Ltd. v. Apple Inc.*, No. C 11-01079 SBA, 2012 U.S. Dist. LEXIS 168201, at *14 (N.D. Cal. Nov. 27, 2012) (stating that "[t]here are two theories under which a party may be held liable for indirect infringement: (1) induced infringement under § 271(b); and (2) contributory infringement under § 271(c)"). "'[I]nducement [of infringement] requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Id.* at *14-15. In contrast, "'[c]ontributory infringement imposes liability on one who embodies in a non-staple

5

device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention.'" *Id.* at *15. In his complaint, Mr. Gajo alleges that Chicago Brand – helmed by Ms. Stone – "indirectly infringed [his] Patent by continuing to order, import, [and] promote sales of the counterfeit Alden Wrenches made by K. Fung." Compl. ¶ 52. Clearly, this sounds more in the nature of induced infringement rather than contributory infringement.

The claim for contributory infringement, however, would appear to rise or fall with the claim for breach of contract. For example, if Defendants were authorized by contract to sell the Alden wrench, then it is hard to see how they could infringe the patent that covers the Alden wrench. Here, of course, Mr. Gajo is claiming that Defendants were not authorized by contract because they breached the terms of the contract – *i.e.*, by using a manufacturer other than K. Fung.

Because the Court is dismissing Mr. Gajo's breach-of-contract claim as currently pled, it also dismisses his related claim for contributory infringement. Mr. Gajo has leave to amend his patent infringement claim consistent with any amendment of his breach-of-contract claim.

G. <u>Wrongdoing of Individual Defendants</u>

The final issue remaining is whether the individual defendants (Ms. Stone and Mr. Snyder) can be held liable for any of claims for which the Court is permitting amendment.

For breach of contract, Ms. Stone and Mr. Snyder were not parties to the contracts at issue, and therefore they cannot be held liable for breach of contract absent, *e.g.*, alter ego liability. If Mr. Gajo wishes to assert a breach-of-contract claim against the individual defendants, then, in his amended complaint, he must include specific factual allegations showing that the individual defendants may be held liable – *e.g.*, factual allegations that Chicago Brand is the alter ego of the individual defendants.

Similarly, for the patent infringement claim, there does not appear to be any basis for liability absent factual allegations that Chicago Brand is the alter ego of Ms. Stone and Mr. Snyder. *See, e.g.*, *Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 552-53 (Fed. Cir. 1990) (reversing as to liability of officers in their individual capacities with respect to patent infringement claim; acknowledging district court findings that, *e.g.*, officers assisted in copying of

design but emphasizing that no alter ego liability was established and the officers were acting "within the scope of their employment and thus were protected by the corporate veil"); *see also Wordtech Sys. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (noting that "'[p]atent infringement is a tort,' and '[i]n general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong,'" but "the 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego'"); *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411-12 (Fed. Cir. 1996) (citing *Manville* for the proposition that "acts of a corporate officer that are within the scope of the officer's responsibility are not always sufficient grounds for penetrating the corporate protection and imposing personal liability").

Trademark infringement has been evaluated differently from patent infringement – *i.e.*, personal liability can stem from either alter ego liability *or* direct participation in the tort. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (in trademark infringement case, stating that "'[a] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf'"); *see also Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV 09-07849 RZ, 2011 U.S. Dist. LEXIS 130921, at *9-10 (C.D. Cal. Oct. 28, 2011) (stating that "[a]n individual who personally directs a corporation in committing trademark infringement, or who personally commits those acts, is personally liable for that infringement" and that "[t]his is particularly true when a single individual is the corporation's sole shareholder, sole officer, and sole manager, and performs the infringing acts himself" – "[s]uch personal liability does not depend on piercing the corporate veil"); *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, No. C-92-3330 DLJ, 1995 U.S. Dist. LEXIS 22676, at *18 (N.D. Cal. Aug. 30, 1995) (stating that, "'[i]f an individual actively and knowingly caused the trademark infringement, he is personally responsible[;] [s]pecifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil'"). The

same appears to be true for copyright infringement. *See, e.g.*, *Graham Hanson Design LLC v. 511 9th LLC*, 2011 U.S. Dist. LEXIS 18623, at *13 (S.D.N.Y. Feb. 24, 2011) (stating that "'corporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement'" and so "[i]t is . . . unnecessary to pierce the corporate veil before imposing personal liability for copyright infringement on a corporate officer"). Accordingly, in the instant case, in order for Mr. Gajo to have viable claims of trademark or copyright infringement against the individual defendants, then he must plead, in his amended complaint, factual allegations specifically establishing either alter ego liability or direct participation in the infringement by the individual defendants. His current allegations are not sufficiently clear.

## II. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss. The claims for dissemination of false advertising and trafficking of counterfeit goods are dismissed with prejudice – *i.e.*, Mr. Gajo may not reassert the claims in any future complaint. Mr. Gajo has leave to amend his claims for breach of contract, copyright infringement, trademark infringement, and patent infringement. If Mr. Gajo asserts any of these claims against the individual defendants, then he must include specific factual allegations establishing that there is a basis for individual liability (*e.g.*, alter ego liability and/or direct participation). Any amended complaint must be filed within thirty (30) days of the date of this order.

Mr. Gajo is again advised to seek advice and assistance from the Legal Help Center.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: June 8, 2017

_____
EDWARD M. CHEN
United States District Judge